

RECEIVED

APR 2 3 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION**

**DOREL ROMAN**

**CIVIL ACTION NO. 07-1516**

**VS.**

**JUDGE DOHERTY**

**WESTERN MANUFACTURING, INC.
MACHINE TECHNOLOGIES, L.L.C.**

**MAGISTRATE JUDGE METHVIN**

### *REPORT AND RECOMMENDATION ON MOTION TO DISMISS OR IN THE ALTERNATIVE TO CHANGE VENUE (Rec. Doc. 8)*

Before the court is defendant Western Manufacturing, Inc.'s "Motion to Dismiss for Lack fo Personal and Subject Matter Jurisdiction, or in the Alternative, To Change Venue Based Upon Forum Non-Conveniens Pursuant to FRCP 12." Plaintiff Dorel Roman and defendant Machine Technologies, L.L.C. filed opposition memoranda, and Western replied.[1] The matter was referred to the undersigned for Report and Recommendation. For the reasons set forth below, IT IS RECOMMENDED that Western's motion be DENIED.

### *Background*

In June, 2007, plaintiff's employer, Delahoussay Company, contacted Machine Technologies in Haslet, Texas regarding purchasing a hose package, known as a Predator Pump. On June 27, 2007, Machine Technologies sent the order for the Predator Pump to Western, which is located in Corona, California. On July 6, 2007, Western, at Machine Technologies' request, shipped the Predator Pump directly to Delahoussay Company in Lafayette.

On July 10, 2007, plaintiff was using the Predator Pump at a construction site in Lafayette, Louisiana, when the hose blew off of the mobile pumping machine, injuring him.

---

[1] Rec. Doc. 28, 30, 37.

2

On September 12, 2007, plaintiff filed suit in this court against Western and Machine Technologies, alleging diversity jurisdiction. Western filed the instant motion, asserting that the court lacks personal jurisdiction over Western, or in the alternative, that the case should be transferred to California due to forum non-conveniens.[2]

### *Legal Analysis*

#### *Motion to Dismiss for Lack Personal Jurisdiction*

Western seeks dismissal of the claims against it based on lack of personal jurisdiction.

The Federal Rules of Civil Procedure authorize a court, upon suitable showing, to dismiss an action where the court does not have personal jurisdiction over the defendant. *See* Fed.R.Civ.P. 12(b)(2)). Once jurisdiction is properly challenged, plaintiff bears the burden of establishing that venue is proper. Wyatt v. Kaplan, 686 F.2d 276, 280 (5th Cir.1982); Smith v. Fortenberry, 903 F.Supp. 1018 (E.D.La.1995). The plaintiff, however, need not establish jurisdiction by a preponderance of the evidence, but rather by simply making a prima facie showing. Luv n' care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir.2006). The court must resolve all undisputed, as well as contested, facts in favor of jurisdiction. Id. In resolving a jurisdictional issue, the court may consider pleadings, affidavits, and discovery responses. Command-Aire Corp. v. Ontario Mech. Sales & Serv., Inc., 963 F.2d 90, 95 (5th Cir.1992).

A federal district court may exercise personal jurisdiction over a foreign defendant if: (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant; and

---

[2] The motion to dismiss also includes an allegation that the case should be dismissed because it should have been brought as a worker's compensation action against plaintiff's employer, thereby precluding this court from having subject matter jurisdiction. This issue was not briefed by Western, nor did Western support the argument with legal citations or analysis. Accordingly, the undersigned deems Western's motion to dismiss for lack of subject matter jurisdiction as withdrawn.

3

(2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution. Mink v. AAAA Development, L.L.C., 190 F.3d 333, 335 (5th Cir.1999); Ham v. La Cienega Music Co., 4 F.3d 413, 415 (5th Cir.1993). Louisiana's long-arm statute permits jurisdiction coterminous with the scope of the Due Process Clause, and therefore, the court need only address whether jurisdiction is consistent with the Due Process Clause. La. R.S. 13:3201(B); Growden v. Ed Bowlin & Assocs., 733 F.2d 1149, 1150 (5th Cir.1984).

The Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over a foreign defendant when: (1) defendant has purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice."

### *Minimum contacts*

There are two types of minimum contacts: contacts that give rise to specific personal jurisdiction and contacts that give rise to general personal jurisdiction. "General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.' Specific jurisdiction arises when the defendant's contacts with the forum "arise from, or are directly related to, the cause of action." Revell v. Lidov, 317 F.3d 467, 469 (5th Cir. 2002) *citing* Mink v. AAAA Development, L.L.C., 190 F.3d at 336. Specific jurisdiction is implicated in this case.[3]

Minimum contacts are established if:

---

[3] Although plaintiff and Machine Technologies argue that Western's contact with Louisiana through its website and sales give rise to jurisdiction, the undersigned concludes that specific jurisdiction is the proper mechanism by which the court can exercise personal jurisdiction over Western.

4

[T]he defendant's conduct and connection with the forum state are such that [they] should reasonably anticipate being haled into court there." Burger King, 471 U.S. at 474, 105 S.Ct. 2174 (quoting World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). There must be some act whereby the defendant "purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Id. at 475, 105 S.Ct. 2174. A nonresident "may permissibly structure his primary conduct so as to avoid being haled into court in a particular state." World-Wide Volkswagen, 444 U.S. at 297, 100 S.Ct. 580. Even where a defendant has no physical presence in the forum state, a single purposeful contact is sufficient to confer personal jurisdiction if the cause of action arises from the contact. McGee v. Int'l Life Ins. Co., 355 U.S. 220, 222, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). "A single act by a defendant can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted." Lewis v. Fresne, 252 F.3d 352, 359 (5th Cir. 2001), citing Brown v. Flowers Indus., 688 F.2d 328, 332-33 (5th Cir.1982) (holding that a single telephone call initiated by the defendant was sufficient to confer personal jurisdiction).

Nuovo Pignone, SpA v. STORMAN ASIA M/V, 310 F.3d 374, 380, 379 (5th Cir. 2002).

The stream-of-commerce theory permits the exercise of personal jurisdiction over a nonresident defendant that "delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 298, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). "Where a nonresident's contact with the forum state "stems from a product, sold or manufactured by the foreign defendant, which has caused harm in the forum state, the court has [specific] jurisdiction if it finds that the defendant delivered the product into the stream of commerce with the expectation that it would be purchased or used by consumers in the forum state." Nuovo Pignone, SpA v. STORMAN ASIA M/V, 310 F.3d at 380, 381, citing Bearry v. Beech Aircraft Corp., 818 F.2d 370, 374 (5th Cir.1987) and World-Wide Volkswagen, 444 U.S. at 298.

A seminal case on stream-of-commerce theory in the Fifth Circuit is Bean Dredging Corp. v. Dredge Technology Corp., 744 F.2d 1081 (5th Cir.1984). In Bean Dredging, a

5

Washington corporation made steel castings which were used by a California company to manufacture hydraulic cylinders by that were later incorporated into a dredge constructed by a Louisiana corporation.  The dredge failed in Louisiana and suit was brought in Louisiana against the Washington manufacturer.  The Washington manufacturer did not know that the castings would be sent to Louisiana or that they would be incorporated into the dredge, nor had the company ever sold directly to a Louisiana company or solicit business in Louisiana.  Despite this lack of explicit knowledge that the castings would end up in Louisiana, and the fact that the company had no other contacts with Louisiana, the court determined that the Washington Manufacturer had minimum contacts with Louisiana because the company placed the castings in the stream of commerce and the manufacturer's president's deposition testimony, "evinced an awareness that ... his company's commercial products, once they entered the stream of commerce, might go virtually anywhere." Id.  The court also noted that the Washington manufacturer in no way tried to limit the markets in which its products were sold.

The Fifth Circuit reiterated the stream-of-commerce theory in Ruston Gas Turbines, Inc. v. Donaldson Co., Inc., 9 F.3d 415 (5th Cir.1993).  There, a Minnesota manufacturer of component parts of an engine was sued in Texas.  The district court dismissed the claim against the Minnesota company, relying upon the stream-of-commerce-plus theory advocated by the plurality in Asahi Metal Industries Co. v. Superior Court, 480 U .S. 102 (1987), which required a showing that the company engaged in acts purposefully directed toward the forum state.  Id. at 420.  The Fifth Circuit reversed the district court, concluding that the reliance upon the stream-of-commerce-plus theory was erroneous, because Asahi did not "provide clear guidance on the 'minimum contacts' prong."  Id.  The court applied the original stream-of-commerce

theory as set forth in <u>World-Wide Volkswagen</u>, and found that the Minnesota manufacturer's

contacts with Texas were sufficient to justify the exercise of personal jurisdiction:

> Corchran intentionally placed its products into the stream of commerce by
> delivering them to a shipper destined for delivery in Texas. At the time the goods
> left Corchran's plant in Minnesota, Corchran not only could have foreseen that the
> products might end up in Texas, it knew as a fact that the products were going to
> be delivered to a specific user in Houston, Texas. Given Corchran's 211 contacts
> with Texas through its business relationship with Donaldson over the years, as
> well as the visits of its own employees to Texas to serve Donaldson's customers,
> Corchran reasonably should have anticipated that it could be haled into court in
> Texas.

<u>Id</u>. at 420-21.

Western argues that this case is distinguishable from <u>Bean Dredging</u> and <u>Ruston Gas</u>

because it does not have links to Louisiana and its sales in this state are limited. This argument is

without merit, however, because the basis for the finding of jurisdiction in <u>Bean Dredging</u> and

<u>Ruston Gas</u> is present in this case – there is evidence that Western was aware that its product

would end up in Louisiana. This point was recently addressed by the Fifth Circuit, when the

court summarized the rationale for the stream-of-commerce theory and the Circuit's relaxed test

for establishing personal jurisdiction under that theory:

> The district court erred in holding that placing a product into the stream of
> commerce, at least where the defendant knows the product will ultimately reach
> the forum state, does not rise to the level of "purposeful availment." This court has
> consistently held that "mere foreseeability or awareness [is] a constitutionally
> sufficient basis for personal jurisdiction if the defendant's product made its way
> into the forum state while still in the stream of commerce." We adopted this
> position in an effort faithfully to interpret <u>World Wide Volkswagen</u>, 444 U.S. at
> 298, 100 S.Ct. 559, which holds that a state does not offend due process by
> exercising jurisdiction over an entity that "delivers its products into the stream of
> commerce with the expectation that they will be purchased by consumers in the
> forum State."

7

> Where a defendant knowingly benefits from the availability of a particular state's
> market for its products, it is only fitting that the defendant be amenable to suit in
> that state. We have, therefore, declined to follow the suggestion of the plurality in
> Asahi, 480 U.S. at 112, 107 S.Ct. 1026, that some additional action on the part of
> the defendant, beyond foreseeability, is necessary to "convert the mere act of
> placing the product into the stream into an act purposefully directed toward the
> forum State." Applying this circuit's more relaxed "mere foreseeability" test to the
> facts of this case, we conclude that Insta-Mix's contacts with Louisiana are
> sufficient to withstand constitutional scrutiny.

Luv N' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465 (5th Cir. 2006) (citations omitted)(defendant

had documents within its possession indicating that items would be shipped to Louisiana).

Although Western argues that it did not sell the Predator Pump directly to the Louisiana

resident and that the shipping was done only because Machine Technologies requested that the

item be shipped directly to the purchaser, this does not affect the analysis for personal

jurisdiction. The issue is whether Western could have anticipated being hailed into a Louisiana

to defend a suit regarding the Predator Pump in Louisiana. It is undeniable that Western knew

that the Predator Pump would be used in Louisiana because Western shipped the pump directly

to plaintiff's employer in Lafayette, Louisiana. Thus, Western knew that the pump was going to

be used in Louisiana, and it should have anticipated that a suit could be brought in Louisiana

regarding an accident caused by the product in Louisiana.

Under specific personal jurisdiction and the stream-of-commerce theory, minimum

contacts are established because Western had full knowledge that the Predator Pump was

purchased by a Louisiana company, and shipped to Louisiana. There is no doubt that Western

delivered the Predator Pump into the stream of commerce with the knowledge that it would

ultimately end up in Louisiana. Moreover, additional contacts are unnecessary because this

single purposeful contact of putting the Predator Pump in the stream of commerce destined for

delivery in Louisiana is sufficient to confer personal jurisdiction because plaintiff's cause of action arises from that single contact.

### *Traditional notions of fair play*

The second step in determining whether to exercise personal jurisdiction is to determine whether such jurisdiction comports with fair play and substantial justice by considering: 1) the burden on the defendant; 2) the forum state's interest in adjudicating the dispute; 3) the plaintiff's interest in obtaining convenient and effective relief; 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and 5) the shared interest of the several states in furthering fundamental substantive social policies. Asahi Metal Indus. Co., Ltd., 480 U.S. at 113. A defendant must present "a compelling case that the presence of some consideration would render jurisdiction unreasonable." Burger King, 471 U.S. at 477. The assertion of jurisdiction will rarely be found to be unfair once minimum contacts are established. Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 215 (5th Cir.1999).

The undersigned concludes that there is no reason for the court to abstain from exercising jurisdiction over Western. Although Western maintains that it will be burdensome for it to defend the case in Louisiana because it would be forced to travel here, this burden is not unreasonable. Moreover, Louisiana has an exceptionally strong interest in providing a forum for this action because the accident occurred within its borders and was caused by an allegedly defective product shipped from outside the state, and the injured party is a Louisiana resident. Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1173 (5th Cir.1985); Lewis v. Fresne, 252 F.3d 352, 358 (5th Cir. 2001) *citing* Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 213 (5th Cir.1999); Holt Oil & Gas Corp. v. Harvey, 801 F.2d 773, 779-80 (5th Cir.1986). Likewise,

9

plaintiff, as the aggrieved party, has a substantial interest in prosecuting the case in Louisiana, where several witnesses and his treating physicians are located.

"It is not unfair or unjust to require the manufacturer of a good that is knowingly delivered to a specific state to respond to a lawsuit arising out of defects in the good in that state." Ruston Gas, 9 F.3d at 421.   Accordingly, the undersigned concludes that the exercise of personal jurisdiction over Western does not offend notions of fair play and substantial justice.

Having concluded that the court has specific personal jurisdiction over Western, it is RECOMMENDED that Western's Motion to Dismiss for Lack of Personal Jurisdiction be DENIED.

### *Alternative Motion to Transfer Venue*

Western seeks to transfer venue because, "Western's design, manufacturing processes as well as the actual construction takes place in California.  The majority of witnesses and evidence would be located in California, as such California is a more appropriate venue and this case should be transferred to same."[4]

A district court may transfer any civil action to any other district where the case might have been brought, if transfer serves "the convenience of parties and witnesses, [and is] in the interest of justice." 28 U.S.C. § 1404(a).  The purpose of the statute is "to prevent the waste of time, energy, and money, and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience

---

[4] Rec. Doc. 37 at p. 10.

10

and fairness.'" Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) *quoting* Van Dusen 376 U.S. at 622.

The preliminary question in a change of venue motion is whether the suit could have been filed originally in the venue proposed by the mover. It is uncontested that because Western is a California corporation and the Predator Pump was manufactured there. Thus, the suit could have been filed originally in California.

Once the court determines that the action could have been filed in the destination venue, it must assess the "convenience" of maintaining the suit in the venue where it was actually filed. This determination turns on a number of private and public interest factors, none of which are given dispositive weight. In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) *citing* Action Indus., Inc. v. U.S. Fidelity & Guar. Co., 358 F.3d 337, 340 (5th Cir.2004), and Syndicate 420 at Lloyd's London v. Early Am. Ins. Co., 796 F.2d 821, 827 (5th Cir.1986). The private concerns include: "1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious and inexpensive." In re Volkswagen AG, 371 F.3d at 203 *citing* Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). The plaintiff's choice of forum is also a factor to be considered, although it is neither controlling nor determinative. In re Horseshoe Entm't, 337 F.3d 429, 434 (5th Cir. 2003). Public interest factors include: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. Id.

11

### *Private interests*

The private concerns clearly favor retaining the case in Louisiana. The accident occurred

in Louisiana and the Predator Pump that is the subject of the litigation is located in Louisiana.

Moreover, the factual witnesses to the accident are located in Louisiana. Further, plaintiff has

undergone medical treatment, including surgery and rehabilitation, in Louisiana and those

medical witnesses are available for trial in Louisiana. Although defendant argues that its

witnesses are located in California, this does not require transfer of venue in light of the fact that

plaintiff has an equal, if not greater, issue regarding witness convenience, since it is highly

unlikely that plaintiff will be able to secure the presence of physicians at trial in California. *See*

Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co., 844 F.Supp. 1163, 1166 (S.D.Tex.1994)

(the convenience of *non-party* witnesses, rather than employee witnesses, is an important factor

and is accorded great weight) *citing* Aquatic Amusement Assoc. v. Walt Disney World, 734

F.Supp. 54, 57 (S.D.N.Y.1990); *see also* DEV Indus., Inc. v. NPC, Inc., 763 F.Supp. 313, 315

(N.D.Ill.1991); Designs by Glory v. Manhattan Creative Jewelers, 657 F.Supp. 1257, 1259

(S.D.N.Y.1987).

In essence, defendant seeks to transfer venue simply to shift the cost and inconvenience

from defendant to plaintiff. A transfer which simply amounts to a cost shifting experiment is

inappropriate. *See* McCaskey v. Continental Airlines, Inc., 133 F.Supp.2d 514, 528 (S.D.Tex.

2001) (finding that shifting costs, as opposed to reducing total costs, does not support transfer);

Goodman Co., L.P. v. A & H Supply, Inc., 396 F.Supp.2d 766 (S.D.Tex. 2005) (a case should

not be transferred if the "only practical effect is to shift inconvenience from the moving party to

the nonmoving party.").

12

Moreover, plaintiff chose to file the action in Louisiana. Plaintiff's choice in prosecuting the case in this forum, which is where the accident occurred and where a substantial number of witnesses reside, is clearly entitled to significant weight in this case.

### Public interests

The public interests factors also favor maintaining the current venue. As discussed above, Louisiana has a strong interest in having this action decided here because the accident occurred here, was caused by an allegedly defective product shipped from outside the state, and the injured party is a Louisiana resident. *See* Thompson v. Chrysler Motors Corp., 755 at 1173.

Likewise, plaintiff has asserted a Louisiana law cause of action against Western, i.e., a claim under the Louisiana Products Liability Act. Clearly, a court located in Louisiana and hat is familiar with Louisiana law, is better suited to address these claims than a California court that haa limited involvement with Louisiana law.

Considering the foregoing, the undersigned concludes that the private and public interests weigh in favor of maintaining the suit in this Louisiana venue. Accordingly, it is RECOMMENDED that Western's Motion to Transfer Venue be DENIED.

### Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Western's Motion to Dismiss for Lack fo Personal and Subject Matter Jurisdiction, or in the Alternative, To Change Venue Based Upon Forum Non-Conveniens Pursuant to FRCP 12 be DENIED.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may

13

respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5ᵗʰ Cir.  1996).**

Signed at Lafayette, Louisiana on April ⟶ 23 ⟶, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, LA 70501
(337) 593-5140        FAX 593-5155

COPY SENT:
DATE: 4/23/08
BY: CW
TO: hem