RECEIVED
JUN - 9 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DOREL ROMAN | CIVIL ACTION NO. 07-1516 |
| VERSUS | JUDGE DOHERTY |
| WESTERN MANUFACTURING, INC. MACHINE TECHNOLOGIES, L.L.C. | MAGISTRATE JUDGE METHVIN |

## JUDGMENT

The "Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction, or in the Alternative, to Change Venue Based Upon Forum Non-Conveniens Pursuant to FRCP 12" [Rec. Doc. 8] filed by Western Manufacturing, Inc. ("Western") was referred to United States Magistrate Judge Mildred E. Methvin for her Report and Recommendation. After an independent review of the record, the applicable jurisprudence, and objections filed by the parties, this Court concludes the Report and Recommendation of the Magistrate Judge, which recommends the motion be denied, is correct, and this Court adopts the conclusions set forth therein.

As to defendant's first objection (the Court is without subject matter jurisdiction), the objection is OVERRULED. The objection reads (in its entirety) as follows:

> This case arises out of a claim that occurred allegedly when a pump was being used to spray material on buildings for a home construction project. If this was a construction project on a home that was being built for the petitioner's business, then the petitioner's claims should be brought in accordance with Title 23 of the Louisiana Workers Compensation laws. As the claims should be brought against the petitioner's employer, then this court lacks the subject matter jurisdiction to hear this case.

[Rec. Doc. 8, ¶ II] As with the Court below, defendant has again failed to provide any legal authority or analysis in support of its argument. Moreover, whatever cause of action plaintiff could or should have brought against his employer has no bearing on the cause of action he has

brought against Western - i.e. a products liability claim against Western, the manufacturer of the product which plaintiff alleges was the cause of his injury. The Court finds this argument frivolous and unsupported under the law. *See e.g.* Hodges v. Mack Trucks Inc., 474 F.3d 188 (5th Cir. 2006); Washington v. Dep't of Transp., 8 F.3d 296 (5th Cir. 1993).

As to defendant's second objection (it did not place its product into the stream of commerce), the objection is OVERRULED. Again, defendant fails to provide any binding, legal authority, nor has it persuaded the Court that the holdings of the cases cited by the Magistrate Judge in her well-reasoned Report and Recommendation are inapplicable to this matter. Like the Magistrate Judge, this Court finds the rulings in Bean Dredging Corp. v. Dredge Technology Corp., 747 F.2d 1081 (5th Cir. 1984), and Ruston Gas Turbines, Inc. v. Donaldson Co., Inc., 9 F.3d 415 (5th Cir. 1993), are binding upon this Court, and the same result is applicable to this matter.[1]

As to defendant's third objection (a finding of personal jurisdiction offends notions of fair play and substantial justice), it is OVERRULED. The Magistrate Judge's well-reasoned Report and Recommendation relies upon binding, Fifth Circuit jurisprudence in support of its finding that this Court's exercise of personal jurisdiction over Western would not offend notions of fair play and substantial justice. Contrarily, defendant cites only non-binding, Ninth Circuit jurisprudence in support of its argument.[2]

---

[1] The only jurisprudence defendant cites in support of its argument it did not place its product into the stream of commerce is a non-binding case, Hoffpauir v. Linde Lift Truck Corp., 2007 WL 963187 (W.D. La. 2007)(J. Minaldi). The Court finds that case to be factually distinguishable from the instant matter, particularly as Western knew its product would reach Louisiana (unlike the defendant in Hoffpauir), because Western shipped the product directly to plaintiff's employer in Lafayette, Louisiana.

[2] Counsel is hereby INSTRUCTED all future submissions to this Court are to rely upon binding jurisprudence, unless counsel attests to the Court that there is no binding authority on a given issue. If there is no binding authority on a given issue, counsel may then cite to non-binding jurisprudence, but he cannot cherry pick the Circuit which best supports his position - he must provide the Court with all

Finally, defendant's fourth objection (private concerns do not favor retention of this matter in Louisiana), the objection is OVERRULED for the reasons stated in the Report and Recommendation. The Court additionally notes defendant has, yet again, failed to cite any authority for its position.[3]

Due to the frivolous nature of each argument defense counsel has submitted in support of each objection, which has resulted in a waste of judicial resources, the Court ORDERS defense counsel to review Fed. R. Civ .Pro. 11, and submit a letter to the Court, within 5 days of the issuance of this Judgment, affirming he has reviewed that rule and affirming he will comply with Rule 11 in all future submissions to the Court. .

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Western Manufacturing, Inc.'s motion to dismiss [Rec. Doc. 8] is DENIED.

Lafayette, Louisiana this _____ day of June, 2008.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT COURT

---

Circuit authority addressing the specific issue. If all other Circuits have reached the same conclusion, he may so state, and provide the Court with a relevant citation to each authority.

[3] As to that portion of this objection where defendant states, "Even, though there would be a burden on plaintiff, to have the trial in California and have witnesses travel to California, this travel of witnesses would be more easily performed, than remove portions of a California plant and have it travel to Louisiana" [Rec. Doc. 8, pp. 6-7], this Court has never had to "remove portions of a [any state's] plant," so that it could try a products liability case premised upon diversity jurisdiction.