UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

DOREL ROMAN                                    CIVIL ACTION NO. 6:07-cv-1516

VERSUS                                         JUDGE HANNA

WESTERN MANUFACTURING, INC.,       BY CONSENT OF THE PARTIES
ET AL.

**RULING ON MOTIONS**

(Rec. Docs. 149, 152, 157)

Before the Court are post-trial motions filed by the plaintiff, Dorel Roman, and

by the defendant, Western Manufacturing, Inc.

The plaintiff seeks to have the jury's verdict modified so that the amount of the

damages awarded for past medical expenses is increased from the jury's award of

$15,000 to $168,804.22, which is total amount of the plaintiff's medical bills that

were placed into evidence during the trial.  (Rec. Doc. 149).  The plaintiff also seeks

to have the jury's verdict modified to include a finding that the plaintiff is free of fault

and a finding that the defendant's Predator Pump was unreasonably dangerous in

design.  (Rec. Doc. 157).

The defendant seeks to have the jury's verdict modified to preclude the jury's

finding that the defendant's Predator Pump was unreasonably dangerous in

construction or composition and to include a finding that the plaintiff was 100% at fault.  (Rec. Doc. 152).

The motions, all of which are opposed, were heard on November 24, 2010. Present in court were:  Craig Morrow and Jeff Bassett, counsel for the plaintiff, and Kevin Landreneau, counsel for the defendant.

Having reviewed the pleadings, considered the parties' oral argument, and analyzed the applicable law, the plaintiff's motion regarding past medical expenses is GRANTED, and the other motions are DENIED for the following reasons.

## I.    THE RULE 50 MOTIONS

The plaintiff seeks modification of the jury's award for his past lost medical expenses (Rec. Doc. 149) and modification of the jury's findings on comparative fault and the design of the Predator Pump (Rec. Doc. 157) under Rule 50 of the Federal Rules of Civil Procedure, which authorizes a party to move for judgment as a matter of law under certain circumstances.  The defendant filed a motion for judgment as a matter of law (Rec. Doc. 152), seeking modification of the jury's findings on comparative fault and the construction or composition of the Predator Pump.

When an action was tried to a jury, as the instant matter was, a motion for judgment as a matter of law may be used to challenge the legal sufficiency of the

evidence supporting the jury's verdict.[1]  However, such a motion may be urged after the trial has been completed only if a similar motion was made at the close of the trial record and before a verdict was rendered.

> A party may not move under FED.R.CIV.P. 50(b), unless it has first moved for judgment as a matter of law at the close of the record under FED.R.CIV.P. 50(a). Furthermore, a Rule 50(b) post-trial motion may only discuss issues raised in the Rule 50(a) pre-verdict motion. Thus, if the party did not file a Rule 50(a) motion for judgment notwithstanding the verdict, the district court cannot grant a Rule 50(b) motion and the court's sole remedy is to order a new trial.[2]

The undersigned finds that the plaintiff did not move for judgment as a matter of law at any time prior to the jury's verdict being returned.  Consequently, the plaintiff is not entitled to post-trial relief under Rule 50(b).  Similarly, the defendant moved for judgment as a matter of law at the conclusion of the plaintiff's case with regard to the allegedly unreasonably dangerous characteristics of the Predator Pump but made no such motion with regard to the plaintiff's comparative fault. Consequently, the defendant is entitled to post-trial relief under Rule 50(b) with

---

[1]     *Coffel v. Stryker Corp.*, 284 F.3d 625, 630 (5th Cir. 2002), citing *Flowers v. Southern Regional Physician Services, Inc.*, 247 F.3d 229, 235 (5th Cir. 2001).

[2]     *Hill v. E.W. Belcher Trucking Co.*, 2008 WL 924944, 4 (W.D. La. 2008), citing *Nichols v. Ashland Hosp. Corp.*, 251 F.3d 496, 502 n. 1 (4th Cir. 2001).

-3-

regard to the issue of the pump's allegedly unreasonably dangerous characteristics but not with regard to comparative fault.

However, the plaintiff and defendant are potentially entitled to relief under Rule 59(e) of the Federal Rules of Civil Procedure, which authorizes the filing of a motion to alter or amend a judgment. A Rule 50 motion may be construed as a Rule 59(e) motion.[3] Accordingly, the Court will consider the plaintiff's motions to have been filed under Rule 59(e) rather than under Rule 50(b) and will similarly construe the defendant's Rule 50(b) motion as a Rule 59(e) motion with regard to the issue of comparative fault.

## II.   THE PLAINTIFF'S MOTION FOR MODIFICATION OF THE JURY'S PAST MEDICAL EXPENSES AWARD

A motion for alteration or amendment of a ruling under Rule 59(e) questions the correctness of a judgment[4] and serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[5]

---

[3]      See, e.g., *Brown v. Kelly*, 294 Fed. App'x 831, 833 (5th Cir. 2008); *Kaepa, Inc. v. Achilles Corp.*, 216 F.3d 1080, 2000 WL 729242, 6 (5th Cir. 2000); *Hill v. E.W. Belcher.*, 2008 WL 924944 at 3-4.

[4]      *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004), citing *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).

[5]      *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

Granting such a motion provides an "extraordinary remedy which should be used sparingly and should not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment."[6]   A district court has considerable discretion to grant or deny a Rule 59 motion,[7] and a Rule 59 motion may properly be granted when: (1) an intervening change in the controlling law has occurred, (2) evidence not previously available becomes available, or (3) it is necessary to correct a clear error of law or to prevent manifest injustice.[8]

In this case, there has been no change in the law and there is no new evidence. But the undersigned finds that amending the judgment with regard to the damages

---

[6]    *Xavier v. Belfor Group USA, Inc.*, 254 F.R.D. 281, 294 (E.D. La. 2008), quoting *LaFargue v. Jefferson Parish*, 2000 WL 174899, 1 (E.D. La. 2000).  See, also, *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000).

[7]    *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993); *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990); *First Commonwealth Corp. v. Hibernia Nat'l Bank of New Orleans*, 891 F.Supp. 290, 296-97 (E.D. La. 1995), *amended* 896 F.Supp. 634, *aff'd* 85 F.3d 622.

[8]    *Illinois Cent. R. Co. v. Harried*, 2010 WL 382323, 2 (S.D. Miss. 2010), citing *Bulley v. Fidelity Financial Serv. of Miss.*, 2000 WL 1349184 at 2 (S.D. Miss. 2000); *Ricard v. Essex Ins. Co.*, 2010 WL 341529, 1 (E.D. La. 2010), citing *Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F.Supp. 1216 (D.N.J.1993); *Crappell v. Boh Bros. Constr. Co., LLC*, 2006 WL 3772229, 2 (E.D. La. 2006); *Weyerhaeuser Corp. v. Koppers Co.*, 771 F.Supp. 1406, 1419 (D.Md.1991). See, also, 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2810.1, at 124 (2d ed.1995).

awarded for the plaintiff's past medical expenses is necessary to prevent manifest injustice.

During the trial of this matter, the plaintiff offered into evidence, without objection, a summary of the costs incurred by the plaintiff with regard to the medical care he received as a result of the subject accident. (Rec. Doc. 143, Plaintiff's Exhibit 30-1). That summary indicated that the plaintiff incurred $168,804.22 in medical expenses. The plaintiff also offered into evidence, without objection, copies of the medical records and medical bills supporting the medical expense figures shown on the summary. (Rec. Doc. 143, Plaintiff's Exhibits 18-29, 31). Three physicians who treated the plaintiff after the accident testified at trial: orthopedist Dr. Christopher Hebert testified on September 27, 2010; plastic surgeon Dr. Stephen J. Delatte testified on September 28, 2010; and Dr. Matthew Holden, who specializes in hyperbaric oxygen therapy and wound care, testified on September 28, 2010. All three of these doctors testified, without objection, contradiction, or even cross-examination on the issue, that the treatment they provided to the plaintiff was related to the accident of July 10, 2007, and that the amounts they charged for their services were medically necessary and related to the accident.

The defendant offered no contrary evidence, neither demonstrating that the plaintiff did not actually incur expenses in the amounts shown in the plaintiff's

-6-

exhibits nor demonstrating that the claimed expenses were not related to the accident on which the lawsuit is based. The defendant presented no evidence to controvert the necessity of the treatment provided, the relationship of the treatment to the accident, or the reasonableness of the amounts charged. Accordingly, no evidence was presented to refute the plaintiff's entitlement to recovery of the full $168,804.22.

However, the jury did not award $168,804.22. Instead, the jury awarded only $15,000 for past medical expenses. The evidence presented at trial provides no discernible basis for the jury having awarded $15,000 for past medical expenses, and the undersigned will not engage in speculation concerning how the jury might have settled upon an award in that amount. Instead, the undersigned finds that the evidence presented at trial supports an award of $168,804.22.

The defendant opposes the plaintiff's request for an increase in the award for past medical expenses on the basis that, pursuant to *Dimick v. Schiedt*, 293 U.S. 474, 486-487 (1935), and the Seventh Amendment to the U.S. Constitution, additur is generally not permitted following a federal court jury trial.[9] There is, however, a

---

[9]    *Jones v. Bratton*, 39 F.3d 320 (5th Cir. 1994). See, also, *Hill v. E.W. Belcher*, 2008 WL 924944 at 4 ("it is well-established that awarding an additur in federal court when damages are disputed violates the Seventh Amendment and is thus unconstitutional.")

narrow exception to that general rule when the damages sought to be recovered are

undisputed, definite, and incontrovertible.[10]  As noted by the Fifth Circuit:

> The constitutional rule against additur... is not violated in
> a case where the jury had properly determined liability and
> there is no valid dispute as to the amount of damages.  In
> such a case the court is in effect simply granting summary
> judgment on the question of damages.[11]

Other federal appellate circuits have reached the same conclusion.[12]  The rule in the

First, Second, Fifth, Sixth, and Eleventh Circuits is that a damages award may be

increased after trial if the jury determined that the plaintiff was liable and if the

evidence presented at trial concerning the amount of damages was undisputed.  That

is the situation presented by the instant case.  The jury determined that the plaintiff

is liable, and, without objection, the plaintiff presented evidence that his medical

expenses total $168,804.22.  This, therefore, is a situation in which the court is

authorized and empowered to increase the jury's damage award.

The undersigned is cognizant of the principle that when there is sufficient

evidence in the record to support the jury's damages award, the award should not be

---

[10]     *Jimenez v. Paw-Paw's Camper City, Inc.*, 2002 WL 257691 (E.D. La. 2002).

[11]     *Moreau v. Oppenheim*, 663 F.2d 1300, 1311 (5th Cir. 1981), *cert denied*, 458 U.S. 1107 (1982), quoting *Decato v. Travelers Ins. Co.*, 379 F.2d 796, 798 (1st Cir. 1967).

[12]     See, e.g., *Clay v. Gordon*, 205 F.3d 1339, 2000 WL 191936, 2-3 (6th Cir. 2000); *Liriana v. Hobart Corp.*, 170 F.3d 264, 273 (2nd Cir. 1999); *EEOC v. Massey Yardley Chrysler Plymouth, Inc.*, 117 F.3d 1244, 1252-53 (11th Cir. 1997).

disturbed.[13]  In this case, however, there is no evidence in the record that supports the amount that the jury awarded for past medical expenses.  Consequently, the undersigned finds that modification of the jury's verdict is necessary to prevent a miscarriage of justice.  The undersigned further finds that it would be inordinately expensive and inconvenient to require the parties to retry that portion of the trial having to do with the plaintiff's past medical expenses, particularly in light of the uncontroverted evidence presented to establish the precise costs incurred by the plaintiff with regard to the medical care he received for his injuries.  Accordingly, the plaintiff's motion for modification of the jury's verdict to increase the amount of damages for the plaintiff's past medical expenses will be granted, and damages in the amount of $168,804.22 will be awarded for the plaintiff's past medical expenses. This award is, of course, subject to offset in accordance with the amount of comparative fault assigned to the plaintiff by the jury.

III.   **THE PLAINTIFF'S MOTION FOR MODIFICATION OF THE JURY'S VERDICT REGARDING DESIGN OF THE PREDATOR PUMP AND COMPARATIVE FAULT**

The plaintiff submits that the jury erred when it assessed 70% comparative fault to the plaintiff and when it found that the Predator Pump manufactured by the

---

[13]     *Jones v. Bratton*, 39 F.3d at 2.

defendant was not unreasonably dangerous in design.  (Rec. Doc. 157-1 at 1-2).  As noted previously, the undersigned considers this motion to be brought under Rule 59(e) of the Federal Rules of Civil Procedure rather than under Rule 50 of the Federal Rules of Civil Procedure.  Accordingly, as noted above, this court has considerable discretion to grant or deny the plaintiff's motion under the appropriate circumstances.

In this case, there is no evidence that any applicable law has changed or that evidence not available during the trial of this matter has come to light.  Furthermore, the undersigned finds that modifying the jury's verdict, as requested in the plaintiff's motion, is not necessary to correct a legal error or to prevent injustice.

With regard to the plaintiff's comparative fault, evidence was presented concerning the plaintiff's work in the stucco industry, his familiarity with pumps similar to the one involved in this accident, his familiarity with the manual provided by the manufacturer regarding the Predator Pump, the plaintiff's precise physical location and activities before and at the time of the accident, as well as the nature of the injuries he sustained in the accident.  Taking all of this evidence into account, the undersigned finds that there is sufficient evidence in the record to support the jury's verdict regarding the plaintiff's comparative fault.

The jury found that the Predator Pump was not unreasonably dangerous in design.  La. R.S. 9:2800.56 states that:

> A product is unreasonably dangerous in design if, at the
> time the product left its manufacturer's control:
> (1)  There existed an alternative design for the product that
> was capable of preventing the claimant's damage; and
> (2)  The likelihood that the product's design would cause
> the claimant's damage and the gravity of that damage
> outweighed the burden on the manufacturer of adopting
> such alternative design and the adverse effect, if any, of
> such alternative design on the utility of the product.  An
> adequate warning about a product shall be considered in
> evaluating the likelihood of damage when the manufacturer
> has used reasonable care to provide the adequate warning
> to users and handlers of the product.

The jury heard extensive testimony from the plaintiff's and the defendant's expert witnesses as well as extensive testimony from the defendant's representative regarding the design and operation of the pump and the testing that was performed after the accident.  Taking all of the evidence into account, the undersigned finds that there is sufficient evidence in the record to support the jury's finding that the Predator Pump was not unreasonably dangerous in design.

Accordingly, the plaintiff's motion (Rec. Doc. 157), which seeks modification of the jury's verdict regarding comparative fault and the design of the Predator Pump will be denied.

## IV.   WESTERN'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendant Western Manufacturing seeks judgment as a matter of law, under Rule 50 of the Federal Rules of Civil Procedure, on two issues.  (Rec. Doc. 152). First, Western argues that the jury erred in finding that the Predator Pump was unreasonably dangerous in construction or composition.  This argument will be considered as having been asserted in a Rule 50 motion.  Second, Western argues that the jury erred in failing to assign 100% of the fault for the accident to the plaintiff, Dorel Roman.  As noted previously, this argument will be considered as having been asserted in a Rule 59(e) motion.

A district court may grant a Rule 50 motion only when a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.[14]  Thus, granting such a motion is appropriate only when facts and inferences point so strongly in favor of one party that reasonable jurors could not arrive at a contrary verdict.[15]

The jury found that the Predator Pump was unreasonably dangerous in construction or composition, under La. R.S. 9:2800.55, which states that:

---

[14]     *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 622 (5th Cir. 2008); *Fitzgerald v. Weasler Engineering, Inc.*, 258 F.3d 326, 337 (5th Cir. 2001).

[15]     *Coffel v. Stryker*, 284 F.3d at 630; *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001); *Rubinstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 401 (5th Cir. 2000).

> A product is unreasonably dangerous in construction or
> composition if, at the time the product left its
> manufacturer's control, the product deviated in a material
> way from the manufacturer's specifications or performance
> standards for the product or from otherwise identical
> products manufactured by the same manufacturer.

The undersigned finds that extensive evidence was presented at trial regarding the

performance standards for the Predator Pump.  In particular, the pump had a pressure

relief valve that was designed to release at a certain pressure.  The evidence presented

at trial demonstrated that the valve did not fully release.  Evidence was also presented

at trial concerning the shearing of the cam arms when the hose disconnected from the

pump.  The evidence also showed that the Predator Pump involved in the subject

accident was brand new, had only recently been delivered by the manufacturer, and

had not been used before the day of the accident.  Darren Dyck, the defendant's

representative, testified that no other similar incidents had ever been reported.  Thus,

the evidence supports the conclusion that the Predator Pump involved in the

plaintiff's accident did not operate consistently with the manufacturer's performance

standards.  The undersigned finds that there is sufficient evidence in the record to

support the conclusion that the Predator Pump deviated from the manufacturer's

performance standards.  Accordingly, the record contains sufficient evidence to

support the jury's conclusion that the Predator Pump was unreasonably dangerous in

construction or composition.  The undersigned will not disturb the jury's verdict on this issue.

The defendant's motion concerning comparative fault is being construed as having been brought under Rule 59(e).  As noted above, a great deal of evidence was presented at trial concerning the plaintiff's role in causing the accident.  Testimony was elicited concerning his work in the stucco industry, his familiarity with pumps similar to the one involved in this accident, his familiarity with the manual provided by the manufacturer regarding the Predator Pump, the plaintiff's precise physical location and activities before and at the time of the accident, as well as the nature of the injuries he sustained in the accident.  Taking all of this evidence into account, the undersigned finds that there is sufficient evidence in the record to support the jury's verdict regarding the plaintiff's comparative fault.  There has been no intervening change in the controlling law, and no new evidence has been discovered.  Furthermore, the defendant has not demonstrated a clear error of law that must be correct or a basis on which the verdict must be amended in order to prevent manifest injustice.  Consequently, the undersigned will not disturb the jury's verdict on comparative fault.

Even if this issue were being considered as having been asserted in a Rule 50 motion rather than in a Rule 59(e) motion, the result would not change.  A sufficient

evidentiary basis exists for the jury's ruling on comparative fault, and there is no reason to alter or amend that ruling.

For these reasons, Western's motion for judgment as a matter of law (Rec. Doc. 152) will be denied.

### CONCLUSION

For the reasons fully explained above,

IT IS HEREBY ORDERED that the plaintiff's motion for amendment of the judgment (Rec. Doc. 149) concerning damages for past medical expenses is GRANTED, and this court's judgment will be amended to award $168,804.22 in damages for the plaintiff's past medical expenses;

IT IS FURTHER ORDERED that the plaintiff's motion to amend the judgment to include a finding that the plaintiff is free of fault and a finding that the defendant's Predator Pump was unreasonably dangerous in design (Rec. Doc. 157) is DENIED; and.

IT IS FURTHER ORDERED that the defendant's motion for judgment as a matter of law (Rec. Doc. 152), which seeks to have the judgment modified to preclude the jury's finding that the defendant's Predator Pump was unreasonably dangerous

in construction or composition and to include a finding that the plaintiff was 100%

at fault is DENIED.

Signed at Lafayette, Louisiana, this 29th day of November, 2010.


Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

-16-