RECEIVED

JUL 2 2 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MONIQUE ROMAN, as Administratrix of the Succession of Dorel Roman | CIVIL ACTION NO.: 07-1516 |
| VERSUS | JUDGE HANNA |
| WESTERN MANUFACTURING, INC., ET AL | BY CONSENT OF THE PARTIES |

### MEMORANDUM RULING

Currently pending before this Court is a "Motion to Vacate Referral to Magistrate" [Doc. 225], filed by defendant Tiare, Inc., d/b/a Western Manufacturing ("Tiare"). [Id. at 1] By way of its motion, defendant moves this Court to vacate its order which referred this case to the Magistrate Judge to conduct all proceedings herein. [Doc. 83] For the following reasons, the motion is DENIED.

The pertinent procedural history of this matter, is set forth by defendant as follows:

> On September 12, 2007, Dorel Roman filed suit against Western Manufacturing, Inc. [FN 1] ("Western") seeking damages for injuries he sustained when a high pressure hose blew off of a mobile pumping machine used to pump and spray cementitious stucco material on a building, which machinery was manufactured by Western. Plaintiff filed suit against Western under the Louisiana Products Liability Act. *On March 2, 2010, Western through its counsel of record consented to the magistrate exercising jurisdiction over the case pursuant to 28 U.S.C. § 636 and Federal Rule Civil Procedure 73*, which Plaintiff Dorel Roman also did on March 3, 2010. *A jury trial was conducted by the magistrate and judgment was rendered against Western on September 30, 2010....*
>
> > [FN 1] The correct name of Western Manufacturing, Inc. is Tiare, Inc. *Tiare, Inc. does not dispute it is liable for the judgment in this case.*

1

> On August 9, 2011, . . . [the Magistrate Judge] signed an order permitting immediate registration of the judgment in other districts. On May 22, 2012, Plaintiff filed a Writ of Execution of Judgment in the United States District Court, Central District of California, Eastern Division-Riverside, Docket No. 5:12-cv-01943-GHK-SP seeking to enforce the Judgment against Western. . . . On November 5, 2012, Plaintiff petitioned the Central District of California for a judgment debtor examination, which occurred on January 29, 2013. *Plaintiff alleges that during the judgment debtor examination in California she learned for the first time Western was a nonentity and actually was a d/b/a of Tiare, Inc. This is factually correct, and the confusion regarding the identity of the defendant in the case below, at least the name of it, came about due to inadvertence on the part of the Defendant, causing the judgment to be entered in the incorrect name. Tiare knew and always knew that it was in fact the proper Defendant, recognized that the legal responsibility of the nonentity, Western Manufacturing, was actually its own liability as Western was a trade name used by Tiare; and, thus, did not consider the matter of the specific named Defendant as being critical.* Western and Tiare recognize that was an error, and now and heretofore have represented to Plaintiff counsel the above facts and indicated that ***Tiare agrees that the judgment in this matter should be and is collectable as against Tiare.***[1]

[Doc. 225-1, pp. 2-3(emphasis added)]

Following the judgment debtor examination, plaintiff filed a "Motion for Leave to File Amending Complaint," whereby plaintiff sought to add Kenneth R. Thompson, William C. Weihl, and a number of companies owned and/or controlled by Mr. Thompson and/or Mr. Weihl. Plaintiff asserts the newly named defendants engaged in a scheme, during the pendency of this litigation, to

---

[1] At the telephone conference held on July 18, 2013 before this Court [Doc. 232], counsel for Tiare advised the Court that notwithstanding its filings, Tiare does **not** have the ability to pay the judgment rendered on behalf of plaintiff in this matter, despite Tiare's admissions that it is liable for the judgment and that that judgment *is collectible against Tiare*. [Doc. 225-1, pp. 2-3, n.1 ("Tiare, Inc. does not dispute it is liable for the judgment in this case"; "Tiare agrees that the judgment in this matter **should be and is collectable** as against Tiare"); Doc. 223-1, p. 5, n.1 ("Through inadvertence the judgment was rendered in the name of Western; however, Tiare, Inc. is liable for the judgment")] According to present counsel for Tiare, he never intended to convey, through the foregoing statements, that Tiare was *able* to pay the judgment for which it admits it is responsible. Rather, he argued he did not intend to suggest the judgment "*was* collectable" when he admitted "that the judgment in this matter should be and *is collectable* . . ." an ambiguity of language and perhaps intent on the part of the defendant which seems to echo, at least, the ambiguity of conduct plaintiffs now complain of in their more recent filings.

2

deplete Western Manufacturing, Inc. of its assets and set up sham successor companies in order to avoid paying the judgment in favor or Mr. Roman. [Doc. 207 at 2-3] The motion for leave was granted by the Magistrate Judge. [Doc. 209] The Magistrate Judge additionally set an evidentiary hearing to address "the allegations of fraud and fraud on the court that are set forth in the plaintiff's motion to amend." [Id. at 6] Counsel for Tiare, Inc., d/b/a Western Manufacturing sought a continuance of the evidentiary hearing, which was denied. [Docs. 217, 218]

Thereafter, counsel for Tiare filed the motion now before this Court - *i.e.*, the Motion to Vacate the Referral of this Matter to the Magistrate Judge. By way of its motion, Tiare asserts the referral should be vacated on the following bases: (1) "none of the new defendants, including Tiare, have consented to the jurisdiction of the magistrate and thus any hearing which relates to these new defendants must be conducted by an Article III District Judge, absent consent by all parties for the magistrate to continue in this matter"; (2) "Plaintiff and Western consented to trial by the magistrate, but that trial consented to is long since complete," and thus, "any new claims Plaintiff alleges now are new and outside of the consent previously given"; (3) "the issues that Plaintiff seeks to have heard in this case are issues which may only be heard by an Article III Judge, unless the parties consent to the magistrate hearing the issues, which consent was not given here"; and (4) the allegations of fraud on the court made herein "are of such an extraordinary nature that the Article III District Judge should preside over an evidentiary hearing" on such issues. [Doc. 225-1, pp. 4-5]

For the reasons set forth by plaintiff at pages 1-4 of the memorandum in opposition [Doc. 231], the Court finds defendants first and third arguments to be unpersuasive. In addition to those cases cited by plaintiff, the Court additionally notes the reasoning found in *Gomez v. Vernon*, 255 F.3d 1118, 1126 (9th Cir. 2001). For the reasons set forth by plaintiff at p. 6 of the memorandum in

3

opposition [Id.], the Court finds defendant's second argument must also fail. Finally, with regard to defendant's fourth argument, the Court again is unpersuaded. Defendant's argument fails to recognize that the conduct constituting the fraud alleged herein was committed before the Magistrate Judge, before whom all parties had consented to "conduct any and all proceedings in this case, . . . **and [to] conduct all post-judgment proceedings.**" [Doc. 82](emphasis added)  Even had the parties not already consented to have the Magistrate Judge conduct all post-judgment proceedings in this matter, this Court would likely refer any motions dealing with possible fraud on the court occurring at the trial over which the Magistrate Judge presided by consent of all parties to the Magistrate Judge, again as he presided over the proceedings at issue.[2]

For the foregoing reasons, the Court finds defendant has failed to show "extraordinary circumstances,"[3] such that this Court should vacate the referral of this matter, by consent of all parties, to the Magistrate Judge.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 22nd day of July, 2013.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[2]The Court further notes it could refer any such motions to the Magistrate Judge regardless of the parties consent, recognizing that without the parties' consent, such motions would be addressed by way of a Report and Recommendation, rather than a Ruling.

[3]Fed. R. Civ. P. 73(b)(3)

4